IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-01408-WYD-MJW

DARIN K. BROWN,
STEPHEN C. BROWN, and
CHERI BROWN

      Plaintiffs,

v.

EDMUND NAGEM JR. and
SOUTHWEST MEDICAL SUPPLY,

      Defendants.

---

### RECOMMENDATION REGARDING
### PLAINTIFFS' AMENDED MOTION TO AMEND COMPLAINT TO PERMIT PUNITIVE OR EXEMPLARY DAMAGES PURSUANT TO C.R.S. § 13-21-102(1.5)
### (DOCKET NO. 53)

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**


      This matter is before the court for consideration of the Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102(1.5) (docket no. 53).  The court has reviewed the motion and the response.  In addition, the court has taken judicial notice of the clerk's file and has considered applicable Federal Rules of Civil Procedure.  The court now being fully informed makes the following findings of fact, conclusions of law, and recommendation.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The motion is made after the deadline for amendment of pleadings, and thus this court has applied the following analysis in deciding whether to allow the amendments:

> Where, as here, a motion to amend the pleadings . . . is filed after the scheduling order deadline, a "two-step analysis" is required. Once a scheduling order's deadline for amendment has passed, a movant must first demonstrate to the court that it has "good cause" for seeking modification of the scheduling deadline under Rule 16(b). If the movant satisfies Rule 16(b)'s "good cause" standard, it must then pass the requirements for amendment under Rule 15(a) . . . .
>
> Rule 16(b)'s "good cause" standard is much different than the more lenient standard contained in Rule 15(a). Rule 16(b) does not focus on the bad faith of the movant, or the prejudice to the opposing party. Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Properly construed, "good cause" means that the scheduling deadlines cannot be met despite a party's diligent efforts. In other words, this court may "modify the schedule on a showing of good cause if [the deadline] cannot be met despite the diligence of the party seeking the extension." Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief.

Pumpco, Inc. v. Schenker Int'l, Inc., 204 F.R.D. 667, 668 (D. Colo. 2001) (quotations and citations omitted). The second step is consideration of whether the plaintiff has satisfied the standard for amendment of pleadings required under Fed. R. Civ. P. 15(a):

> Rule 15(a) provides that leave to amend "shall be freely given when justice so requires." Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.

Id. at 669 (citation omitted).

Based upon this standard, I find that plaintiffs have failed to demonstrate

"good cause" to allow an amendment to plaintiffs' Complaint at this late date. I find that undue prejudice against defendant would occur if this court allowed such an amendment as this time. In the Rule 16 Scheduling Order dated October 12, 2005, this court set a deadline to file any motions to amend the pleadings or join additional parties. That date was November 28, 2006. The subject motion was filed with the court on April 7, 2006, just eight (8) days prior to the close of discovery. Moreover, plaintiff has had sufficient time since October 12, 2005, to obtain the relevant police reports and witness statements and to depose witnesses who may have relevant evidence in this case, including but not limited to, the defendant himself.

## RECOMMENDATION

**WHEREFORE**, it is hereby **RECOMMENDED**:

1. That the Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102 (1.5) (docket no. 53) be DENIED.

2. That each party pay their own attorney fees and costs for this motion.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge,**

4

**Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Done this 28th day of April 2006.

BY THE COURT


<u>s/ Michael J. Watanabe</u>
Michael J. Watanabe
U.S. Magistrate Judge