IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-01408-WYD-MJW

DARIN K. BROWN;
STEPHEN C. BROWN; and
CHERI BROWN,

    Plaintiffs,

v.

EDMUND NAGEM, JR.; and
SOUTHWEST MEDICAL SUPPLY,

    Defendants.

## ORDER

THIS MATTER is before the Court on Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102(1.5) [document # 53] filed April 7, 2006. This motion was referred to Magistrate Judge Watanabe for a Recommendation by Order of Reference dated July 28, 2005, and Memorandum dated April 7, 2006.

A Recommendation Regarding Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102(1.5) (Docket No. 53) was filed April 28, 2006, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72. Magistrate Judge Watanabe recommends therein that "plaintiffs have failed to demonstrate 'good cause' to allow an amendment to plaintiffs' Complaint at this late date. I find that undue prejudice against defendant

would occur if this court allowed such an amendment as this time.  In the Rule 16 Scheduling Order dated October 12, 2005, this court set a deadline to file any motions to amend the pleadings or join additional parties.  That date was November 28, 2006 [sic].  The subject motion was filed with the court on April 7, 2006, just eight (8) days prior to the close of discovery.  Moreover, plaintiff has had sufficient time since October 12, 2005, to obtain the relevant police reports and witness statements and to depose witnesses who may have relevant evidence in this case, including but not limited to, the defendant himself."  Recommendation at 2–3.

On May 22, 2006, Plaintiffs filed their Objection to Magistrate's Recommendation of April 28, 2006, and Defendants filed their Response to Plaintiffs' Objection on June 8, 2006.  On July 28, 2006, I held a hearing on this motion and heard argument from the parties.

A motion to amend is normally a nondispositive motion entitled only to a clearly erroneous or contrary to law standard of review.  However, many courts have held that a recommendation to deny a motion to amend on the grounds of futility should be viewed as a dispositive ruling because it precludes the filing of certain claims.  See *Nomura Securities Intern., Inc. v. E*Trade Securities, Inc.*, 280 F.Supp.2d 184, 198 (S.D.N.Y. 2003); *McCormick v. City of Lawrence, Kansas*, No. 02-2135-JWL, 2003 WL 158704 at *1 (D. Kan. 2003).

In this case, I will construe the recommendation to deny the motion to amend as a dispositive ruling because it denies Plaintiffs leave to assert a claim for punitive or exemplary damages.  The objection filed by Plaintiffs thus necessitate a *de novo*

determination as to the portion of the Recommendation to which objection is made. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

For the reasons stated on the record, I find that Plaintiffs should be permitted to amend their complaint to add exemplary damages and, thus, reject and overrule Magistrate Judge Watanabe's Recommendation. Accordingly, it is

ORDERED that the Recommendation Regarding Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102(1.5) (Docket No. 53) is **REJECTED AND OVERRULED**. It is

FURTHER ORDERED that Plaintiffs' Amended Motion to Amend Complaint to Permit Punitive or Exemplary Damages Pursuant to C.R.S. § 13-21-102(1.5) is **GRANTED**. It is

FURTHER ORDERED that the Second Amended Complaint & Jury Demand, which was filed by Plaintiffs as an exhibit to their Amended Motion to Amend Complaint, will be accepted and deemed filed as of July 28, 2006. It is

FURTHER ORDERED that in light of the amendment, the parties will be granted an additional sixty (60) days of discovery on this issue. It is

FURTHER ORDERED that any additional modifications to the scheduling order, including changes to the deadline for the filing of dispositive motions, shall be submitted to the magistrate judge for approval.

Dated: July 28, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge