IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01408-WYD-MJW

DARIN K. BROWN,

     Plaintiff,

v.

EDMUND NAGEM, JR. and
SOUTHWEST MEDICAL SUPPLY,

     Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant's Motion for Partial Summary Judgment [# 112], filed November 20, 2007.  Defendant's motion seeks partial summary judgment on Plaintiff's claim for exemplary damages.  Plaintiff Darin Brown filed his response to Defendant's motion on January 25, 2007, and the Defendant filed a reply in support of his motion on February 3, 2007.  For the reasons stated below, Defendant's Motion for Partial Summary Judgment is denied.

II.    <u>FACTUAL BACKGROUND</u>

This action arises from a motor vehicle accident that occurred when the motor home driven by Defendant Nagem struck the rear of a pick-up truck on Highway 24 near Colorado Springs, Colorado.  Plaintiff Darin Brown occupied the pick-up truck at the time it was hit by Defendant's vehicle.  Defendant was towing a full-sized SUV

behind his motor home. Just prior to the subject collision, the traffic on eastbound Highway 24 was beginning to back up because of an unrelated motor vehicle accident. Officer Robert McPherson was one of the police officers who reported to the scene of the initial motor vehicle accident. According to Officer McPherson, the road was wet, and it was raining at the time of the subject collision. In his deposition, Officer McPherson testified that he thought Defendant Nagem was driving about 50 mph and did not brake prior to striking Plaintiff's vehicle. Officer McPherson further stated that he thought Defendant was driving faster than the surrounding traffic.

Moreover, two witnesses, Aaron and Tanya Ramsay, gave depositions and testified that they not only saw the instant collision, but witnessed unsafe driving by the Defendant for some time prior to the collision. Specifically, Tanya Ramsay testified that while she and her husband, Aaron Ramsay, were driving along Highway 24, she witnessed the Defendant driving "definitely at the speed limit or above . . . ." (Ex. H at 17.) Tanya Ramsay further testified that Defendant

> was trying to pass us and fortunately or unfortunately, . . . he was unable to pass us. And at that point I was pretty irate because of his really reckless driving and pushing people off the road, so I lifted my hands in motion to, 'What are you doing?' and he motioned back to me like he was really mad and pointing at us.

(Ex. H at 15.) Tanya Ramsay called 911 to report Defendant's driving because she had "been watching him [Defendant] since Alma drive recklessly, tailgating, driving with excessive speeds for his vehicle, and saw him push someone off the road, so I think that gave me enough reason to make the phone call. I was definitely concerned about peoples' safety on the road." (Ex. H at 26-27.) Tanya Ramsay further testified that as

she and her husband were driving through Woodland park, Defendant was "tailgating" other cars, and the subject collision occurred minutes later.  (Ex. H at 17, 37.)  Aaron Ramsay testified that he witnessed the Defendant drive recklessly for about 60 minutes prior to the accident and then actually saw the Defendant's vehicle hit Plaintiff's truck.  (Ex. G at 22, 30-31.)  Notably, many of these facts are disputed.

III.    ANALYSIS

    A.    Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000).  "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'"  *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted).  All doubts must be resolved in favor of the existence of triable issues of fact.  *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991).

    B.    Whether Partial Summary Judgment is Proper on Plaintiff's Claim of Exemplary Damages

I first address the argument raised in Defendant's motion concerning the claim for exemplary damages.  The Defendant asserts that partial summary judgment should

be granted on Plaintiff's claim for exemplary damages arguing that the allegations made by Aaron and Tanya Ramsay are too remote in time and space to support a claim for exemplary damages. In other words, the Defendant argues that the Plaintiff should not be allowed to pursue exemplary damages because Plaintiff cannot meet his burden of showing that Defendant acted willfully or wantonly with conscious disregard for probable injury. I disagree.

Since the present case is grounded on diversity jurisdiction, Colorado law provides the substantive rules of law which govern this action. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). In a diversity case, whether exemplary damages are warranted is a matter of state law. *The Post Office v. Portec, Inc.*, 913 F.2d 802, 809 (10th Cir. 1990). Under Colorado law, in order for a plaintiff to recover exemplary damages in a tort action, he must prove beyond a reasonable doubt that the claimed injury was accompanied by fraud, malice or wanton disregard of the rights and feelings of the plaintiff. Colo. Rev. Stat. § 13-21-102; Colo. Rev. Stat. § 13-25-127(2); *Tri-Aspen Construction Co. v. Johnson*, 714 P.2d 484, 486 (Colo. 1986). In cases involving exemplary damages, it is within the province of the jury to determine the proper amount of exemplary damages. However, the question of sufficiency of evidence to justify an award of exemplary damages is a question of law for the court. *Mince v. Butters*, 616 P.2d 127, 129 (Colo. 1980).

Turning to my findings, I must view the evidence and draw all reasonable inferences in the light most favorable to the Plaintiff. As such, I find that Plaintiff's claims for exemplary damages are supported by admissible evidence of gross

negligence and/or wanton misconduct while Defendant was operating his motor vehicle just prior to and during the subject accident. This question, therefore, is not for the Court to decide summarily since genuine issues of material fact exist concerning Plaintiff's entitlement to punitive damages. Accordingly, Defendant's Motion for Partial Summary Judgment should be denied.

IV.     CONCLUSION

In conclusion, for the reasons stated above, it is hereby

ORDERED that Defendant's Motion for Partial Summary Judgment [# 112] is **DENIED**.

Dated:  May 21, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge