IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  05-cv-01408-WYD-MJW

DARIN K. BROWN,

    Plaintiff,

v.

EDMUND NAGEM, JR. and
SOUTHWEST MEDICAL SUPPLY,

    Defendants.

**ORDER**

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on Defendant Southwest Medical Supply's ("SMS") Motion for Summary Judgment (docket #142), filed June 12, 2007.  Defendant SMS's motion seeks summary judgment on Plaintiff's claim for negligent entrustment. Plaintiff Darin Brown filed his response to SMS's motion on July 25, 2007, and SMS filed a reply in support of its motion on July 26, 2007.  For the reasons stated below, Defendant Southwest Medical Supply's Motion for Summary Judgment is granted.

As a preliminary matter, the Court notes that Plaintiff's response brief fails to adequately respond to, much less controvert, SMS's statement of facts.  Instead, Plaintiff spends seven pages arguing that SMS is a sham alter ego of Defendant Edmund Nagem, Jr.  The Plaintiff never addresses or sets forth relevant evidence with respect to whether the claim of negligent entrustment should be dismissed against

SMS. My Practice Standards require the following when responding to a motion for summary judgment:

> 4. Any party opposing the motion for summary judgment shall provide a "Response to Undisputed Material Facts" in its brief, admitting or denying the asserted material facts set forth by the movant. The admission or denial shall be made in paragraphs numbered to correspond to movant's paragraph numbering. Any denial shall be accompanied by a brief factual explanation of the reason(s) for the denial and a specific reference to material in the record supporting the denial.

(Judge Wiley Y. Daniel Practice Standards, Section III(B)(4)).[1] Plaintiff has failed to comply with these requirements. Thus, where allegedly disputed facts are not directly controverted by evidence contained in the record, I will consider those facts undisputed pursuant to Fed. R. Civ. P. 56. However, I will deem SMS's facts controverted to the extent that Plaintiff's own facts fairly meet the substance of SMS's statement of facts and are supported by competent evidence.

## II.  FACTUAL BACKGROUND

This action arises from a motor vehicle accident that occurred when the motor home driven by Defendant Nagem struck the rear of a pick-up truck on Highway 24 near Colorado Springs, Colorado. Plaintiff Darin Brown occupied the pick-up truck at the time it was hit by Defendant Nagem's vehicle. In the instant case, Plaintiff asserts various claims against Defendant Nagem, but at issue in this order is Plaintiff's claim of negligent entrustment asserted against Defendant SMS.

According to Defendant Nagem's deposition testimony, the motor home was

---

[1] Revised as of May 30, 2006.

owned by Defendant SMS and leased to Defendant Nagem's employer, Cardiovascular Clinic, a Louisiana corporation. Defendant Nagem further testified that he was licensed to drive a motor vehicle by the State of Louisiana at all relevant times, and he has never had his driver's license suspended. Further, on the record before me, there is no suggestion that alcohol was involved in the subject accident.

III.     ANALYSIS

   A.     Standard of Review

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Equal Employment Opportunity Comm. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Anderson*, 477 U.S. at 248. "When applying this standard, the court must 'view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment.'" *Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co.*, 933 F.2d 891, 892 (10th Cir. 1991). Finally, the Court notes that summary judgment is not a "disfavored procedural shortcut," rather, it is an

important procedure "designed to secure the just, speedy and inexpensive determination of every action." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

  B. <u>Whether Summary Judgment is Proper on Plaintiff's Claim of Negligent Entrustment Asserted Against Defendant SMS</u>

In its motion, SMS asserts that summary judgment should be granted on Plaintiff's claim for negligent entrustment because SMS had no control over how the leased motor home was being driven or used at the time of the accident. In other words, Plaintiff's negligent entrustment claim against SMS fails as a matter of law because SMS, due to the nature of a lease, did not have any control over the use of the motor home at the time of the accident. I agree.

Since the present case is grounded on diversity jurisdiction, Colorado law provides the substantive rules of law which govern this action. *Blanke v. Alexander*, 152 F.3d 1224, 1228 (10th Cir. 1998). The Colorado Supreme Court has held that the doctrine of negligent entrustment is part of the law of negligence in Colorado. *Casebolt v. Cowan*, 829 P.2d 352, 357 (Colo. 1992).

> The theory of negligent entrustment as recognized in Colorado is largely derived from Restatement (Second) of Torts § 308 (1965), which states as follows: It is negligence to permit a third person to use a thing or engage in an activity which is under the control of the actor, if the actor knows or should now that such person intends or is likely to use the thing or conduct himself in such a manner so as to create an unreasonable risk of harm to others.

*Payberg v. Harris*, 931 P.2d 544, 545 (Colo. App. 1996).

Turning to my findings, I must view the evidence and draw all reasonable inferences in the light most favorable to the Plaintiff. The undisputed facts reveal that

SMS owned the motor home involved in the subject accident.  SMS leased the motor home to Defendant Nagem's employer, Cardiovascular Clinic.  Further, Defendant Nagem had a valid driver's license and no driving-related suspensions.  Finally, there is no evidence that alcohol was involved in the accident.

Thus, the first issue before me is whether SMS, as the lessor of the motor home, had control over the vehicle at the time of the accident.  The Colorado Court of Appeals has defined the term "lease" as "a contract by which one conveys land, tenements, or hereditaments for life, for a term of years, or at will or for any less interest than that of the lessor."  *Ceja v. Lemire*, 143 P.3d 1093, 1095 (Colo. App. 2006) (*citing* Webster's Third New International Dictionary).  The *Ceja* Court went on to say that "the common meaning of the term "lease" contemplates the transfer or conveyance of an interest in, and the right to possession, control, and use of, the property subject to the lease."  *Id.* (citing *Schneiker v. Gordon*, 732 P.2d 603 (Colo. 1987)).  Thus, according to Colorado law, because SMS leased the motor home to Cardiovascular Clinic, SMS transferred its control of the vehicle.  Simply put, SMS did not have control over the motor home at the time of the accident.  Since SMS had no control of the motor home, it possessed no right to entrust the vehicle to Defendant Nagem.  Therefore, Plaintiff's claim of negligent entrustment asserted against Defendant SMS fails as a matter of law.

Moreover, even if SMS had the right to control the use of the motor home, there is no evidence in the record to demonstrate that SMS knew, prior to the accident, that Defendant Nagem was an incompetent or careless driver that created an unreasonable risk of harm to others.  SMS merely leased the motor home to Cardiovascular Clinic,

Defendant Nagem's employer. In fact, Defendant Nagem was a validly licensed driver with no prior driving suspensions at the time of the accident. There is simply no evidence to suggest that Defendant Nagem was a reckless or incompetent driver or that SMS created an unreasonable risk to others. Under the facts presented in this case and the Colorado law set forth above, I cannot find sufficient evidence to support a claim of negligent entrustment against SMS. Accordingly, summary judgment on this issue is proper. Defendant's Motion for Summary Judgment must be granted, and Plaintiff's claim of negligent entrustment against Defendant SMS must be dismissed.

IV. CONCLUSION

In conclusion, for the reasons stated above, it is hereby

ORDERED that Defendant Southwest Medical Supply's ("SMS") Motion for Summary Judgment (docket #142) is **GRANTED.** It is

FURTHER ORDERED that Plaintiff's claim of negligent entrustment against Defendant SMS is **DISMISSED.** It is

FURTHER ORDERED that Defendant SMS is **DISMISSED** from this action. It is

FURTHER ORDERED that the Clerk of the Court shall amend the case caption to reflect this change.

Dated: November 15, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge