IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01408-WYD-MJW

DARIN K. BROWN,

Plaintiff,

v.

EDMUND NAGEM, JR.,

Defendant.

## ORDER REGARDING
## DEFENDANT'S MOTION FOR FOLLOW-UP PHYSICAL AND MENTAL EXAMINATION OF PLAINTIFF DARIN BROWN (DOCKET NO. 189)

**Entered by United States Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant's Motion for Follow-Up Physical and Mental Examination of Plaintiff Darin Brown (docket no. 189). The court has reviewed the subject motion (docket no. 189) and the response (docket no. 203) thereto. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In the subject motion (docket no. 189), Defendant seeks an Order from this court directing Plaintiff to undergo two separate additional Fed. R. Civ. P. 35 examinations ("IMEs") by Richard VandenBergh, M.D. (psychiatrist), and Jeffrey Wunder, M.D. (physiatrist).

Plaintiff objects to such additional IMEs on the ground that he has already gone through IMEs on February 23, 2006, by Dr. VandenBergh (psychiatrist), and by Dr. Wunder (physiatrist) on February 20, 2006. In addtion, Plaintiff argues that he has not seen a psychiatrist as part of his treatment. Plaintiff further argues that he has undergone no testing since the last IMEs and has had no significant change in his medical condition or any new diagnoses since the last trial date that was vacated. Lastly, Plaintiff has provided to Defendant updated supplemental expert disclosures reflecting his subsequent treatment and that Defendant has failed to demonstrate "good cause" or "a stronger showing of necessity" for two additional IMEs.

## FINDING OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That in Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964), the Supreme Court stated that Rule 35 "require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." The burden of demonstrating good cause rests with the moving

party.  See Doe v. District of Columbia, 229 F.R.D. 24, 26 (D.D.C. 2005).  The requirement of good cause is not a formality; the court must genuinely balance the need for the information with the right to privacy and safety of the party.  Schlagenhauf, 379 U.S. at 118.  Rule 35 states that the examination may be conducted by any suitable licensed or certified examiners.  Fed. R. Civ. P. 35(a)(1).  Psychiatric examinations are allowable if a person's mental condition is at issue.  See Roberson v. Bair, 242 F.R.D. 130, 136-38 (D.D.C. 2007) (emotional distress claim places the plaintiff's condition at issue).  The examination may be conducted by a psychiatrist or psychologist.  When permanent injuries are claimed or under other appropriate circumstances, the court may allow a second examination just before trial.  Galieti v. State Farm Mutual Automobile Insurance Company, 154 F.R.D. 262 (D. Colo. 1994).  **A stronger showing of necessity is usually required for a second examination.**  Furlong v. Circle Line Statue of Liberty Ferry, Inc., 902 F. Supp. 65 (S.D.N.Y. 1995).  Lastly, the court has discretion to determine who may be present at the examination.  Galieti,154 F.R.D. at 263-65;

5. That Plaintiff has already undergone two previous IMEs by Dr. VandenBergh (psychiatrist) and by Dr. Wunder (physiatrist);

6. That Defendant has failed to demonstrate "good cause" or "a

4

stronger showing of necessity" for the two additional IMEs as required under Schlagenhauf and Furlong, *supra*.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant's Motion for Follow-Up Physical and Mental Examination of Plaintiff Darin Brown ( docket no. 189) is **DENIED**;

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 20th day of March 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE